UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JESSICA LYNN PROULX,              )
                                  )
    *Plaintiff*                     )
                                  )
v.                                )     No. 2:14-cv-355-JHR
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social Security,  )
                                  )
    *Defendant*                     )

## MEMORANDUM DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge improperly interpreted raw medical evidence and wrongly analyzed the opinion of a treating source. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through June 30, 2010, Finding 1, Record at 19; that she suffered from bipolar disorder, generalized anxiety disorder, history of

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The defendant has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 12, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this mater, including the entry of judgment. ECF No. 12.

1

lumbar disc surgery, history of right arm fracture, and right ankle fracture, impairments that were severe, but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 20; that she had the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb stairs, must avoid ladders and working at heights, must avoid operating dangerous machinery, and could perform simple, routine jobs that did not involve public contact or more than occasional contact with coworkers, Finding 5, *id*. at 22; that she was unable to perform her past relevant work, Finding 6, *id*. at 26; that, given her age (32 on the amended alleged date of onset of disability, December 31, 2006), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*.; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, June 11, 2013, Finding 11, *id*. at 28. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.    Discussion

### A.  Medical Evidence

The plaintiff contends that an incorrect statement and an incoherent statement in the administrative law judge's opinion each entitle her to remand, because they demonstrate that the administrative law judge "impermissibly interpreted raw medical evidence" and lacked evidentiary support for the RFC that he assigned to the plaintiff. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (ECF No. 9) at 2-3.

I agree with the plaintiff, *id*. at 2, that the administrative law judge mischaracterized the report of Benjamin Weinberg, M.D., a physician consultant, when he wrote the following:

> Dr. Weinberg's opinion that she can sustain light work, with postural limitations, is supported by her work after her back and right arm surgeries. Dr. Weinberg's opinion is given extra weight pursuant to Ruling 96-6p.

Record at 25. It is not correct to say, as the defendant does here, that "[t]he ALJ was correct in stating that Dr. Weinberg's opinion indicated 'that she can sustain light work, with postural limitations[,]'" citing the Record at 25, 100, Defendant's Opposition to Plaintiff's Statement of

Errors ("Opposition") (ECF No. 10) at 5, when, in fact, Dr. Weinberg only said that there were *no* physical limitations.[2]

The defendant's subsequent argument is more worthy of attention; she contends that the physical RFC fashioned by the administrative law judge was more favorable to the plaintiff than the medical evidence would support, and, therefore, the plaintiff cannot establish that the alleged error was other than harmless. *Id*. at 5-6. That would ordinarily be the case, *see, e.g., Henderson v. Colvin*, No. 2:13-cv-426-JHR, 2015 WL 46075 at *3 (D. Me. Jan. 2, 2015); *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401 at *3 (D. Me. Jan. 5, 2015), even though the defendant cites only non-medical evidence, or the absence of evidence, to support the chosen RFC. Opposition at 4-5.

I am troubled by the administrative law judge's following statement, correctly characterized by the plaintiff, Itemized Statement at 3, as "puzzling" and "incoherent":

> Dr. Sonti's report essentially gives reasonable credibility to the claimant's allegations that she is limited by pain in her back, ankle and right upper extremity, and cannot sustain work. That self-description does not match the chronology of her treatment and accidents—including her more recent ankle fracture. That allegation also does not match the Central Maine orthopedic reports summarized by Benjamin Weinberg, M.D., the Maine State Agency medical consultant.

Record at 25. These sentences appear in a discussion of the plaintiff's credibility. *Id*. at 25-26.

Perhaps the administrative law judge meant to say that Dr. Sonti's report is based on the plaintiff's subjective reports, and must be discounted for that reason. Perhaps he meant to say that the report of Dr. Sonti, the plaintiff's treating physician, supports her credibility. The former is

---

[2] At oral argument, the plaintiff's attorney asserted that Dr. Weinberg's opinion that the plaintiff had no physical impairment could never constitute substantial evidence to support an RFC that did not include any physical limitations. Social Security caselaw is uniformly to the contrary. *See, e.g., Baker v. Commissioner of Soc. Sec.*, No. 1:13-cv-01929-SAB, 2014 WL 7179859, at *7 (E.D. Cal. Dec. 16, 2014); *Gregory v. Astrue*, No. 3:09CV0207, 2010 WL 2519714, at *9 (S.D. Ohio May 21, 2010).

4

more likely, given the second and third sentences quoted above, and the administrative law judge's discussion, earlier in his opinion, of his reasons for discounting Dr. Sonti's conclusions. Record at 20, 24. That earlier discussion also addresses the plaintiff's complaint that the opinion "gives no statement of the weight it gives Dr. Sonti's opinion." Itemized Statement at 3. In addition, no specific, formulaic statement of the particular weight given to a particular medical source's opinions is required. *See, e.g., Enman v. Colvin*, Civil No. 2:13-cv-307-DBH, 2014 WL 5384577 at *4 n.5 (D. Me. Oct. 21, 2014).

It is not accurate to say, as the plaintiff does, that the circumstances prove that the administrative law judge in this case "impermissibly interpreted raw medical evidence." *Id*. at 2. Rather, he rejected Dr. Sonti's medical evidence for adequately-stated reasons, and gave the plaintiff a physical RFC that was more favorable to her than the medical evidence upon which the administrative law judge purported to rely.[3]  Again, established caselaw in this district provides that, if these circumstances do indeed constitute lay interpretation of medical evidence, the conclusion reached only favors the plaintiff and cannot serve as the basis for remand.

### B.  Treating Source Opinion

The plaintiff also complains of the administrative law judge's treatment of Dr. Sonti's opinion, asserting that he "gives no 'good reason' for" rejecting it. *Id*. at 4. If the cursory presentation of this issue by the plaintiff can be deemed not to have waived it, *but see, e.g., Poulin v. Colvin*, Civil No. 2:14-CV-102-DBH, 2015 WL 1809194 at *4 (D. Me. Apr. 21, 2015), the previously-mentioned discussion at pages 20 and 24 of the administrative law judge's opinion in fact does give sufficient reason for rejecting Dr. Sonti's conclusion that the plaintiff could not work at all. Record at 519.

---

[3] At oral argument, the plaintiff's attorney maintained that, in such circumstances, the more-favorable RFC "still has to be supported by substantial evidence." That is not a correct statement of the law in this district.

The plaintiff challenges the administrative law judge's suggestion, Record at 26, that having had a number of part-time jobs contradicts her allegations of disabling pain. Itemized Statement at 4.[4] However, this court has previously held that "part-time work may be suggestive of greater functional ability than a claimant has alleged." *Carver v. Colvin*, No. 1:13-cv-390-JHR, 2014 WL 7384777 at *4 (D. Me. Dec. 28, 2014); 20 C.F.R. §§ 404.1571, 416.971.

## II.    Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.


Dated this 14th day of July, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] The plaintiff's attorney pressed this position at oral argument, asserting that an administrative law judge cannot rely on work that does not constitute substantial gainful activity to demonstrate ability to work. It is correct to say that such work, standing alone, cannot support an unlimited RFC, but this is not how it was used in this case.